**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| RAMONA ORELLANA, individually and on behalf of A.O., a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 6:24-cv-00762-JSS-RMN |
| ROBLOX CORPORATION and APPLE INC., | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' APPLICATION FOR DEFAULT**
**AGAINST DEFENDANT ROBLOX CORPORATION**

Pursuant to FED. R. CIV. P. 55(b)(2) and Local Rule 1.10(b), Plaintiffs Ramona Orellana, individually and on behalf of A.O., a minor, by and through undersigned counsel, hereby apply for default judgment against Defendant Roblox Corporation. In support of Plaintiffs' *Application for Default Against Defendant Roblox Corporation*, Plaintiffs state as follows:

1.      Plaintiffs' Complaint was filed against Defendants Roblox Corporation ("Roblox") and Apple Inc. on April 24, 2024. (Dkt. 1).

2.      The Federal Rules of Civil Procedure provide a mechanism through which a "plaintiff may notify … a defendant that an action has been commenced and request that the defendant waive service of summons" so as "to avoid [the] unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).  Such notice and request must be "in writing" and "be addressed for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;" among other requirements. Fed. R. Civ. P. 4(d)(1)(A)-(F). The Notice and Request must "be sent by first-class mail or other reliable means."  FED. R. CIV. P. 4(d)(1)(G).  "A defendant who, before being served

with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent" and "[w]hen the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver." "A defendant must serve an answer…if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." FED. R. CIV. P. 12(a)(1)(A)(ii).

3.      Roblox waived service in this case. That waiver was effectuated in accordance with Rule 4(d)(1) and filed with the Court. More specifically, on May 8, 2024, Plaintiffs' counsel requested Roblox waive service by sending a written request to waive service to Roblox's counsel (a "general agent" for purposes of Rule 4(d)(1)).  The notice to Roblox, via electronic mail, along with The Notice of a Lawsuit and Request to Waive Service of a Summons form ("Request") and an unexecuted Waiver of the Service of Summons form ("Waiver"), along with a complete copy of the filed-stamped Complaint, was sent by electronic mail to Roblox's counsel.[1] *See* **Exhibit 1** (May 8, 2024 Notice of Lawsuit and Request to Waive Service).[2] Roblox agreed to waive service, and on May 14, 2024, Roblox's counsel returned an executed waiver of service to Plaintiffs' counsel. Roblox's executed Waiver was filed with the Court on May 21, 2024 (Dkt. No. 9). (Dkt. 9).

4.      Roblox's deadline to file a timely response to Plaintiffs' Complaint was July 8, 2024, or within 60 days after the request for a waiver was sent.[3] *See* FED. R. CIV. P. 4(d)(3); FED.

---

[1] This was the same counsel which had entered an appearance on behalf of Roblox in MDL No. 3109, referenced in Defendants' subject motion.  Said counsel has not currently entered an appearance in this matter; however, he did execute the Waiver on Roblox's behalf..

[2] Note: For purposes of this Motion, it would unnecessarily increase the size of the record if Plaintiffs included the 115-page Complaint (Dkt. 1) in this exhibit. It is clear from the email itself, listing the exhibits, that the Complaint was attached to the email and served with the Request and Waiver. .

[3] 60 days ran on Sunday, July 7, 2024; therefore, Roblox's answer was due Monday, July 8, 2024.

R. Civ. P. 12(a)(1)(A)(ii). Roblox did not file an answer, or timely move for *and obtain* an extension of time prior to the expiration of that July 8, 2024 deadline.

5.      A defendant who does not file an answer within the time set by the rules is in default. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Moreover, the mere request for an extension of time to respond—without consent or court order—does not relieve a defendant of its obligation to answer. *See Insurance Co. of North America v. Morrison*, 154 F.R.D. 278 (M.D. Fla. 1994)). Likewise, the untimely filing of a motion to dismiss does not negate that a party is in default. *Eidson v. Arenas*, 155 F.R.D. 215 (M.D. Fla. 1994); *McKenzie v. Wakulla County*, 89 F.R.D. 444 (N.D. Fla. 1981). "[A] party entitled to a default must apply for the default" against that defendant "[w]ithin twenty-eight days after a party's failure to plead or otherwise defend[.]" M.D. Fla. L.R. 1.10(b).

6.      Roblox "has failed to plead or otherwise defend" against Plaintiffs' Complaint within 60 days after the Request and Waiver were sent; therefore, Roblox is in default. Accordingly, Plaintiffs respectfully request that Roblox's default be entered by the Clerk. *See* Fed. R. Civ. P. 55(b).

7.      Plaintiffs anticipate that Roblox will attempt to avoid its default by arguing that its deadline was July 15, 2024, which is 60 days from the date Roblox's counsel executed the Waiver *and* the date set by the CM/ECF system upon filing of that waiver. This incorrect reflection of a July 15, 2024 date on the docket was because Roblox's counsel changed the date the request was sent on the waiver form, and that error was not caught until Roblox sought to file a joint Motion to Dismiss out of time. However, that error does not relieve Roblox of its duty to comply with the procedural rules governing the time within which a defendant must answer or otherwise respond

to a complaint after waiving service. In other words, Roblox was not at liberty to set its own answer deadline after receiving the May 8, 2024 Request and agreeing to waive service. Finally, even if Roblox's answer were due on July 15, 2024 (it was not), Roblox has missed that deadline as well.

8.      The foregoing, along with the docket itself, clearly demonstrate that Roblox is in default because it has failed to timely file a pleading or otherwise defend itself from the Complaint. Cause therefore exists to grant Plaintiffs' application for default against Roblox.

WHEREFORE, Plaintiffs Ramona Orellana, individually and on behalf of A.O., a minor, respectfully request that Roblox's default be entered on the record in accordance with Fed. R. Civ. P. 55(a) and M.D. Fla. L.R. 1.10(b).

Respectfully submitted, this 16th day of July, 2024.

**BULLOCK LEGAL GROUP, LLC**

*/s/ Andrew S. Bullock*
Andrew S. Bullock (FL55481)
3350 Riverwood Pkwy, Suite 1900
Atlanta, Georgia 30339
(833) 853-4258
(470) 412-6708 (facsimile)
andrew@bullocklegalgroup.com

*Attorney for Plaintiffs Ramona Orellana,*
*individually and on behalf of A.O., a minor*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing ***Plaintiffs' Application for Default Against Defendant Roblox Corporation*** was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented such service under the Court's local rules.

This 16th day of July, 2024.

*/s/ Andrew S. Bullock*
Andrew S. Bullock (FL55481)